IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL EDWARD NOEL,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., BANK OF AMERICA, N.A., SYNCHRONY BANK, DISCOVER FINANCIAL SERVICES, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT DISCOVER FINANCIAL SERVICES' MOTION TO DISMISS<br><br><br>Case No. 1:21-CV-109 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Discover Financial Services Inc.'s ("Discover") Motion to Dismiss. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Plaintiff sues various entities claiming violations of the Fair Credit Reporting Act ("FCRA"). Relevant here, Plaintiff previously had a credit card account with Discover. In March 2015, Plaintiff filed for Chapter 13 bankruptcy. Plaintiff's Discover account was ultimately discharged in the bankruptcy proceedings in 2020.

After Plaintiff's debts were discharged, he discovered that credit reporting agencies ("CRAs") Experian and Equifax continued to list his Discover account with a past-due balance of $5,540 and an account status of "charge off." In response, Plaintiff sent a letter to the CRAs disputing the status of his account, noting that it had been discharged in bankruptcy and that the balance should be reported as $0. Plaintiff asserts that the CRAs notified Discover of his dispute

1

but Discover continued to report inaccurate and derogatory information after it received notice of his dispute.  Plaintiff asserts that Discover violated 15 U.S.C. § 1681s–2(b)(1) because it failed to conduct an investigation into the disputed information, did not review all relevant information provided by Plaintiff, and failed to correct and update Plaintiff's account.

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[7] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

### III.  DISCUSSION

Plaintiff alleges that Discover violated 15 U.S.C. § 1681s–2(b). This provision requires a furnisher of credit information, such as Discover, who has received a report from a CRA to:

> (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.[10]

The FCRA requires furnishers of information not only to "correct incomplete or inaccurate information," but also to correct "information provided in such a manner as to create a materially misleading impression."[11]

---

[6] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[7] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[8] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[9] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[10] *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013).

[11] *Id.* at 1186 (internal quotation marks and citations omitted).

In an attempt to rebut Plaintiff's allegations, Discover provides the Automated Credit Dispute Verification ("ACDV") forms it provided to the CRAs. Discover contends that the ACDV forms demonstrate that it acted appropriately in responding to the report from the CRAs. Discover's Motion depends on the Court's consideration of the ACDV forms. Plaintiff argues that the Court should not consider the ACDV forms at this stage. The Court agrees.

The ACDV forms are not attached to the Complaint and are not directly referenced therein. Nevertheless, Discover argues that the Court can consider the ACDV forms because they are obliquely referenced in the Complaint and are central to Plaintiff's claims. The Tenth Circuit has held that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."[12] "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."[13] Importantly, however, the Court may only consider such documents if "the parties do not dispute the documents' authenticity."[14]

The Court agrees that the ACDV forms are referenced in the Complaint. Plaintiff alleges that Discover responded to the CRAs and Discover explains that this is done through the ACDV forms. However, Plaintiff disputes the authenticity of the ACDV forms, arguing that they are

---

[12] *GFF Corp.*, 130 F.3d at 1384.
[13] *Id.* at 1385.
[14] *Jacobsen*, 287 F.3d at 941.

4

incomplete.[15] Discover acknowledges that the ACDV forms it has submitted are incomplete as they do not include the dispute letters provided to it by the CRAs. Yet, Discover argues that "[t]he dispute letters have no bearing on what Discover reported back to Equifax after it completed its investigation of Plaintiff's dispute or, therefore, whether Discover was in violation of the FCRA."[16]

The Court cannot accept Discover's argument that the dispute letters are irrelevant to Plaintiff's claim. One of Plaintiff's allegations is that Discover failed to properly investigate his dispute. Under § 1681s–2(b), "the investigation an information furnisher undertakes must be a reasonable one."[17] "A 'reasonable' investigation 'is one that a reasonably prudent person would undertake under the circumstances.'"[18] "[H]ow thorough an investigation must be to be 'reasonable' turns on what relevant information was provided to a furnisher by the CRA giving notice of a dispute."[19] Thus, the materials Discover received are relevant to Plaintiff's claim that Discover's investigation was inadequate.

While this Court has considered ACDV forms in a previous case, that was only because the plaintiff did not dispute their authenticity.[20] Here, Plaintiff has questioned the completeness of the documents and Discover confirms they are incomplete, rendering their consideration

---

[15] Docket No. 48, at 9.

[16] Docket No. 57, at 6.

[17] *Maiteki v. Marten Transp. Ltd.*, 828 F.3d 1272, 1275 (10th Cir. 2016) (quoting *Boggio v. USAA Fed. Sav. Bank,* 696 F.3d 611, 616 (6th Cir. 2012) (collecting cases)).

[18] *Id.* (quoting *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014)).

[19] *Id.* (quoting *Boggio*, 696 F.3d at 617) (alteration in original).

[20] *Layton v. Experian Info. Sols., Inc.*, No. 4:20-cv-00029-DN-PK, 2020 WL 6423835, at *3 (D. Utah Nov. 2, 2020).

improper under 12(b)(6).[21] Therefore, the Court declines to consider the ACDV forms. Without consideration of these forms, Discover's Motion necessarily fails, and it will be denied at this time.[22]

## IV. CONCLUSION

It is therefore

ORDERED that Defendant Discover Financial Services' Motion to Dismiss (Docket No. 32) is DENIED.

DATED this 23rd day of November, 2021.

BY THE COURT:

Ted Stewart
United States District Judge

---

[21] *Robins v. Glob. Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 642 (N.D. Ohio 2012) (stating that "because Plaintiffs do not question the validity, accuracy or completeness of the contracts, the Court shall consider them without converting the motion into one for summary judgment or allowing discovery"); *Borders v. Chase Home Fin. L.L.C.*, No. 09-3020, 2009 WL 1870916, at *5 (E.D. La. June 29, 2009) (considering documents outside the pleadings "because Plaintiff has not questioned the substantive validity of the documents").

[22] Since Plaintiff asserts a single cause of action, it is improper at this stage to parse out the different ways Plaintiff has alleged Discover violated the FCRA. *See FTC v. Nudge, LLC*, 430 F. Supp. 3d 1230, 1246 & nn.121–22 (D. Utah 2019) (explaining that partial dismissal of claims is not appropriate under Rule 12(b)(6)); *see also BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief. Summary judgment is different. The Federal Rules of Civil Procedure explicitly allow for "[p]artial [s]ummary [j]udgment" and require parties to "identif[y] each claim or defense—or the part of each claim or defense—on which summary judgment is sought.") (internal citation omitted).