IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL EDWARD NOEL,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, GREENSKY, LLC, and DISCOVER BANK,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT DISCOVER BANK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br><br>Case No. 1:21-CV-109 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Discover Bank's ("Discover") Motion to Dismiss Plaintiff's Second Amended Complaint. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Plaintiff sues various entities claiming violations of the Fair Credit Reporting Act ("FCRA"). Relevant here, Plaintiff previously had a credit card account with Discover. In March 2015, Plaintiff filed for Chapter 13 bankruptcy, and in 2020, his Discover account was discharged.

After Plaintiff's debts were discharged, he discovered that credit reporting agencies ("CRAs") Experian and Equifax continued to list his Discover account with a past-due balance of $5,540 and an account status of "charge off." In response, Plaintiff sent a letter to the CRAs disputing the status of his account, noting that it had been discharged in bankruptcy and that the balance should be reported as $0.

1

Discover received two automated credit dispute verification ("ACDV") forms from Equifax on December 13, 2020. In the first ACDV form, Equifax did not include any dispute codes referencing bankruptcy. However, attached to the ACDV form was a letter from Plaintiff explaining that his debt had been discharged and that his account should be reported with a status of "included in bankruptcy" with a $0 balance.[1] In response to the first ACDV form from Equifax, Discover made no changes and reported the account information as accurate.[2]

Later that day, Discover received a second ACDV form from Equifax. Unlike the previous form, this one included codes referencing Plaintiff's bankruptcy. In response to this form, Discover updated the disputed account information to indicate that it was discharged in bankruptcy and there was a current balance of $0.[3]

On December 14, 2020, Discover also received an ACDV form from Experian. In response, Discover updated the disputed account information again indicating it was discharged in bankruptcy and there was a current balance of $0.[4]

Plaintiff asserts that Discover violated 15 U.S.C. § 1681s–2(b)(1) because it failed to conduct a reasonable investigation into the disputed information, did not review all relevant information provided by Plaintiff, and failed to correct and update Plaintiff's account. Now before the Court is Discover's Motion to Dismiss Plaintiff's Second Amended Complaint.

---

[1] Docket No. 70-2, at 9.
[2] *Id.* at 6.
[3] *Id.* at 11–12.
[4] *Id.* at 16–17.

II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[10]

---

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[10] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[11] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[12] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[13]

### III.  DISCUSSION

Before reaching the merits of Discover's arguments, the Court must first consider whether it can consider the ACDV forms. Plaintiff argues that the Court should not consider the ACDV forms at this stage. The ACDV forms are not attached to the Complaint and are not directly referenced therein. Nevertheless, Discover argues that the Court can consider the ACDV forms because they are obliquely referenced in the Complaint and are central to Plaintiff's claims.

The Tenth Circuit has held that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."[14] "If the rule were otherwise, a plaintiff with a deficient

---

[11] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[12] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[13] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[14] *GFF Corp.*, 130 F.3d at 1384.

4

claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."[15]

The Court agrees that the ACDV forms are referenced in the Complaint. Plaintiff alleges that Discover responded to the CRAs and Discover explains that this is done through the ACDV forms. And, unlike previously,[16] Plaintiff does not dispute the completeness of the ACDV forms. Therefore, the Court will consider them in deciding Discover's Motion to Dismiss.

Plaintiff alleges that Discover violated 15 U.S.C. § 1681s–2(b). This provision requires a furnisher of credit information, such as Discover, who has received a report from a CRA to:

> (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.[17]

The FCRA requires furnishers of information not only to "correct incomplete or inaccurate information," but also to correct "information provided in such a manner as to create a materially misleading impression."[18]

Under § 1681s–2(b), "the investigation an information furnisher undertakes must be a reasonable one."[19] "A 'reasonable' investigation 'is one that a reasonably prudent person would

---

[15] *Id.* at 1385.

[16] *See* Docket No. 58.

[17] *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013) (internal citations omitted).

[18] *Id.* at 1186 (internal quotation marks and citations omitted).

[19] *Maiteki v. Marten Transp. Ltd.*, 828 F.3d 1272, 1275 (10th Cir. 2016) (quoting *Boggio v. USAA Fed. Sav. Bank,* 696 F.3d 611, 616 (6th Cir. 2012) (collecting cases)).

undertake under the circumstances.'"[20] "[H]ow thorough an investigation must be to be 'reasonable' turns on what relevant information was provided to a furnisher by the CRA giving notice of a dispute."[21]

Here, the Court cannot conclude that, as a matter of law, Discover complied with the requirements § 1681s–2(b). The Court need look no further than how Discover responded to the first ACDV form submitted by Equifax. In response to that form, Discover made no changes and reported the information as accurate.

Discover makes much of the fact that the first form did not contain any codes referencing Plaintiff's bankruptcy. But this ignores the fact that the ACDV form attached Plaintiff's dispute letter. In that letter, Plaintiff explained that his debt had been discharged and that his account should be reported with a status of "included in bankruptcy" with a $0 balance.[22] Despite this, Discover continued to assert that the account information was accurate.[23] From this, Plaintiff has plausibly alleged that Discover failed to conduct a reasonable investigation, failed to review all relevant information provided by Equifax, and/or failed to accurately report and modify the inaccurate information. At least as it relates to the first ACDV form received from Equifax, Discover's Motion fails, and it will be denied at this time.[24]

---

[20] *Id.* (quoting *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014)).

[21] *Id.* (quoting *Boggio*, 696 F.3d at 617) (alteration in original).

[22] Docket No. 70-2, at 9.

[23] *Id.* at 6.

[24] Since Plaintiff asserts a single cause of action, it is improper at this stage to parse out the different ways Plaintiff has alleged Discover violated the FCRA. *See FTC v. Nudge, LLC*, 430 F. Supp. 3d 1230, 1246 & nn.121–22 (D. Utah 2019) (explaining that partial dismissal of claims is not appropriate under Rule 12(b)(6)); *see also BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal

Discover also argues that Plaintiff's claim fails because it provided accurate information to Equifax in relation to the second ACDV form.  Putting aside Plaintiff's arguments concerning the accuracy of this response, Discover's argument ignores the fact that "each separate notice triggers a duty to investigate the disputed information."[25]  Thus, even assuming that Discover's second response to Equifax was accurate, Discover does not explain how this relieves it of its obligations under § 1681s–2(b) after it received he first ACDV form.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant Discover Financial Services' Motion to Dismiss (Docket No. 70) is DENIED.

DATED this 22nd day of February, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief. Summary judgment is different. The Federal Rules of Civil Procedure explicitly allow for "[p]artial [s]ummary [j]udgment" and require parties to "identif[y] each claim or defense—or the part of each claim or defense—on which summary judgment is sought.") (internal citation omitted).

[25] *Marcinski v. RBS Citizens Bank, N.A.*, 36 F. Supp. 3d 286, 290 (S.D.N.Y. 2014).